# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| DENNA BLY | *CIVIL NO. 09-0051 |
| VERSUS | *JUDGE DOHERTY |
| UNITED FUELS & LUBRICANTS, LLC., ET AL. | *MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss filed by defendants, Corey Hulin, Tony Gibson, Albert Sims, and Chad Brady ("Defendants"), on February 25, 2009. [rec. doc. 12]. Plaintiff, Denna Bly ("Bly"), has filed opposition. [rec. doc. 16]. Defendants filed a reply brief. [rec. doc. 23]. The matter was submitted on briefs.

## Background

Bly brought this sex discrimination action against her former employer, United Fuels and Lubricants, L.L.C. ("UFL"), and four UFL employees, Corey Hulin, Tony Gibson, Albert Sims, and Chad Brady, claiming that she was sexually harassed and subjected to a hostile work environment. She filed suit pursuant to 42 U.S.C. § 1988, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, 29 C.F.R. § 1604.11, and Louisiana law.

In the instant motion, defendants seek to dismiss Bly's claims on the grounds that: (1) the complaint does state a cause of action against them as individuals, and (2) plaintiff's state law claims have prescribed.

## Law and Analysis

### *Standard for Motion to Dismiss*

In deciding a Rule 12(b)(6) motion to dismiss, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (*citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *petition for cert. filed*, (U.S. Nov. 26, 2007) (No. 07-713)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citation and footnote omitted).

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. *Cyrio v. Hunt*, 2007 WL 2772222 at * 4 (E.D. La. Sept. 19, 2007). However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Id.* (*citing Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) (*citing Collins v.*

*Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000)).

### *Liability of Individual Defendants*

Bly brought claims against Corey Hulin, Tony Gibson, Albert Sims, and Chad Brady pursuant to Title VII and Louisiana's Employment Discrimination Law, LA. REV. STAT. 23:301 *et seq*. ("LEDL"). Defendants claim that because they were not Bly's "employer", as defined by Title VII and the LEDL, they have no liability.

LA. REV. STAT. 23:302(2) provides, in pertinent part, as follows:

> "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee.

Defendants assert that employees or supervisors cannot be held individually liable under Louisiana law and Title VII. It is undisputed that Bly performed services for, and received compensation from, UFL, not the individual defendants. Since the individual defendants were not Bly's "employer" under LEDL, Bly has no claim under Louisiana law against them. *Smith v. Amedisys, Inc*., 298 F.3d 434, 448 (5th Cir. 2002).Additionally, Bly has no claim against these defendants under federal law.

Louisiana courts, and federal courts applying Louisiana law, have routinely looked to federal jurisprudence to interpret Louisiana employment discrimination statutes. *Id*. at 448-449 (5th Cir. 2002) (*citing Nichols v. Lewis Grocer*, 138 F.3d 563, 566 (5th Cir.1998)). Under Title VII, an "employer" includes any "person engaged in an industry affecting commerce . . . and any agent of such a person." 42 U.S.C. § 2000e(b). The Fifth Circuit has held that there is no

individual liability for employees under Title VII. *See Indest v. Freeman Decorating, Inc*., 164 F.3d 258, 262 (5th Cir.1999); *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir.1994). While Title VII's definition of the term employer includes "any agent" of an employer, Congress's purpose was merely to import *respondeat superior* liability into Title VII. *See Indest*, 164 F.3d 258 at 262; *Grant*, 21 F.3d 649 at 652 (*citing Miller v. Maxwell's Int'l, Inc*., 991 F.2d 583, 587 (9th Cir.1993)).

Accordingly, under the reasoning of this Circuit's case law interpreting Title VII, the individual Defendants cannot be liable to Bly in their individual capacities. *See, e.g., Rhyce v. Martin*, 173 F.Supp.2d 521, 534 (E.D. La.2001). Thus, the undersigned recommends that the motion to dismiss be **GRANTED**.

### *Prescription*

As an alternative ground for dismissal, defendants argue that Bly's claims under Louisiana law have prescribed.

Under Louisiana law, delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. LA. CIV. CODE ANN. Art. 3492; *Daigle v. McCarthy*, 444 F.Supp.2d 705, 710 (W.D. La. 2006). Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action. *Id.* (*citing Cole v. Celotex Corp*., 620 So.2d 1154, 1156 (La. 1993)).

4

In this case, the Complaint alleges that Bly was subjected to sexual harassment and a hostile work environment during her employment from February 15, 2007 to September 20, 2007. [rec. doc. 1, ¶ 10]. The Complaint was filed on January 13, 2009, which was more than a year after the alleged acts occurred. Accordingly, on the face of the complaint, these claims have prescribed under Louisiana law.

In Bly's opposition brief, she argues that because she has set forth facts sufficient to support claims for "assault, battery, sexual battery and intentional infliction of emotional distress," the prescriptive period of two years for crimes of violence applies. LA. CIV. CODE ANN. Art. 3493.10. However, after reviewing the Complaint, the undersigned finds that plaintiff has failed to plead that a crime of violence occurred. L.R.S. 14:2 B. Thus, this argument lacks merit.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that the motion to dismiss be **GRANTED**, and that all claims against defendants, Corey Hulin, Tony Gibson, Albert Sims, and Chad Brady, be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the

time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Signed May 12, 2009, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE