RECEIVED

MAY 1 2 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DENNA BLY | CIVIL ACTION NO. 09-0051 |
| VERSUS | JUDGE DOHERTY |
| UNITED FUELS & LUBRICANTS, L.L.C., ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before the Court is the Motion for Summary Judgment [Doc. 43] filed by defendant United Fuels & Lubricants, L.L.C. ("United"). United seeks "an order granting its Motion for Summary Judgment and dismissing plaintiff['s] allegations that United, [defendant] Macro Oil Company, Inc. ("Macro Oil") and [defendant] Deep South Petroleum, Inc. ("Deep South") are all interrelated, with shared ownership, management and control." United also seeks an order from this Court that defendants Macro Oil and Deep South are not "employers" of the plaintiff for purposes of Louisiana law.

Plaintiff Denna Bly ("plaintiff") filed an opposition brief [Doc. 46], and United filed a Motion for Leave to File Reply Memorandum [Doc. 48], which is GRANTED herein. For the following reasons, United's motion for summary judgment seeking an order declaring that United, Macro Oil, and Deep South are not a single employer for purposes of Title VII is GRANTED.[1] However, United's motion for summary judgment seeking an order declaring that Macro Oil and

---

[1] This Court makes no ruling or finding with respect to United's contention that "plaintiff simply cannot establish liability against Deep South and Macro under Title VII." United has not provided this Court with sufficient information to make such a determination, and indeed, does not seek dismissal of plaintiff's claims against Deep South and/or Macro Oil. This Court rules only that the three defendant companies are not a "single employer" for purposes of Title VII.

Deep South are not plaintiff's "employers" under Louisiana law is DENIED for the failure of United to carry its burden with respect to this issue.

I.   **Factual and Procedural Background**

In the instant lawsuit, plaintiff alleges she was the subject of sexual harassment and a hostile work environment from February 15, 2007 to September 20, 2007, while she was employed as a driver by United. Plaintiff sued United and United employees Corey Hulin, Tony Gibson, Albert Sims, and Chad Brady, seeking damages and injunctive relief "pursuant to 42 U.S.C.S. §1988, 42 U.S.C. §2000e et seq., Title VII of the Civil Rights Act of 1964, 29 C.F.R. §1604.11[2] and under the laws of the State of Louisiana." The individual defendants were dismissed by this Court on June 9, 2009 [Doc. 26].

Plaintiff filed an Amended Complaint [Doc. 39] on February 9, 2010, naming Macro Oil and Deep South as additional defendants and asserting United, Macro Oil, and Deep South are all interrelated, with shared ownership, management, control, and physical location for purposes of her

---

[2] 29 C.F.R. §1604.11(a) states:

> (a) Harassment on the basis of sex is a violation of section 703 of title VII. [FN1] Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.
>
> Footnote 1 of the Regulation states [t]he principles involved ere continue to apply to race, color, religion or national origin.

29 C.F.R. § 1604.11

harassment claims. In her Amended Complaint, plaintiff alleges United, Macro Oil, and Deep South are liable for the following acts of negligence:

> A. Failing to provide a work environment for its employees free of sexual harassment in violation of Title VII of the Civil Rights Act of 1964;
>
> B Failing to protect its workers from continuing harassment in the form of sexually derogatory language, offensive physical touching, pornography and sexually derogatory references to its workers by co-workers and supervisors;
>
> C. Failing to take prompt remedial actions to prevent and correct the sexual harassing behavior and hostile work environment when it knew or should have known of the harassment in question;
>
> D. Failing to implement policy and procedure regarding sexual harassment, and hostile work environment, thereby rendering the written policy ineffective and virtually non-existent.
>
> E. Failing to exercise proper supervision and control to prevent a sexually hostile working environment in a wholly owned subsidiary of which Defendants, Macro Oil Company, Inc. and Deep South Petroleum, Inc. exercised daily control and supervision.[3]

## II. Legal Standards

### A. Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. PROC. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse

---

[3] *See* Plaintiff's Amended Complaint, Doc. 39, ¶28.

> party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. PROC. 56(e).

As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
>
> The Supreme Court has instructed:
>
> The plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."
>
> . . . .
>
> . . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace

conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

**B.     Legal Analysis**

In its motion for summary judgment, United seeks dismissal of "plaintiff's allegations" that "United, Macro Oil, and Deep South are interrelated, with shared ownership, management and

control." United contends the "amended allegation [adding defendants Macro Oil and Deep South] is an obvious attempt to increase the cap for compensatory and punitive damages found in 42 U.S.C. section 1981 A(b)(3)(A)." United further argues "only [United] employed plaintiff; thus, only [United's] employees may be counted to determine the applicable damages cap under Title VII. . . since plaintiff performed no services for either Deep South or Macro [Oil] and received compensation only from [United], only [United] can be considered [plaintiff's] employer under the Louisiana Employment Discrimination Law."

First, this Court was unable to locate the reference to the citation "42 U.S.C. section 1981 A(b)(3)(A)" found within United's brief. Additionally, United fails to identify or otherwise explain what it means by "damages cap under Title VII." Indeed, nowhere in United's brief is the concept of a "damages cap" further discussed, nor is Title VII discussed in any detail so as to fully inform this Court as to the legal framework to be applied under the factual circumstances of this case.[4]

Because of the convoluted manner in which United has framed its argument, and because United has failed to properly explain the legal framework within Title VII for its claims alleged herein, this Court ordinarily would not be able to render a ruling on the motion as it is presented. However, the motion does not seek dismissal of any *claims* or *causes of action* alleged by the plaintiff; rather, the motion, *inter alia*, seeks an order declaring the three defendant companies are not a single employer for purposes of Title VII.[5] Based on the evidence and caselaw provided, this Court can make that factual determination; however, what effect that determination will have on this

---

[4] Although the relevance and significance of the following fact is not explained to this Court, in its Statement of Facts attached to its motion for summary judgment, United states it employed fewer than 100 employees during the applicable time period.

[5] Notably, the motion *sub judice* is brought by United only; Macro Oil and Deep South – who, at the time of this Memorandum Ruling, have not made an appearance in the case – have not joined in the motion, and, therefore, do not seek dismissal of any "claims" alleged against them.

case is unknown to the Court, as neither party has explained the legal framework in which the ruling will operate.[6]

### 1. Are United, Macro Oil, and Deep South a "single employer" for purposes of federal law?

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." 42 U.S.C. §2000e(b).

The Fifth Circuit has held the term "employer" as used in Title VII of the Civil Rights Act was meant to be liberally construed. *Trevino v. Celanese Corp.*, 701 F.2d 397, 403 (5th Cir. 1983). Thus, the Fifth Circuit has held "superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer." *Trevino*, 701 F.3d at 403. The factors considered in determining whether distinct entities constitute an integrated enterprise are: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Id.* at 403-04. The Fifth Circuit and other courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations. *Id.* at 407. The critical question that courts ask with regard to this factor is: "What entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Id.*

United contends it, Macro Oil, and Deep South do not constitute a single employer, arguing the following in support of its motion:[7]

---

[6] Again, however, Macro Oil and Dep South have not joined in the motion seeking dismissal of "plaintiff's allegations" against them on grounds they are not "employers" under either federal or Louisiana law.

[7] Many of the listed "facts" are contained within the Affidavit of Charles Fuselier, a managing partner of United, offered in support of United's motion for summary judgment.

- Only United employed the plaintiff.

- United operates a business that is separate and autonomous from Deep South and Macro Oil.

- United makes all of its own employment decisions, which are made by department heads within United.

- United is not required to and does not obtain approval from Macro Oil and/or Deep South to hire, fire, promote, demote, or otherwise discipline United's employees.

- United receives no direction from either Macro Oil or Deep South regarding its day-to-day activities

- The decision to terminate the plaintiff was made solely by United personnel with no direction or input from Deep South or Macro Oil.

- United contracts with its own clients, and Deep South and Macro Oil are not parties to United's contracts with its clients.

- United maintains its own insurance contracts, employee contracts, and tax identification number.

- United maintains its own bank account and United pays its employees from these accounts.

- United pays its own overhead expenses from its separately-maintained bank accounts.

- United utilizes its own human resources department and payroll administrative department, which act separately and independently from any similar departments within Deep South and Macro Oil.

- United is owned by Deep South and Macro Oil.

- United's managing partners are William McElligott, Charles Fuselier, Richard McElligott, and Charles W. Dupree.

- Macro's executive officers are Mildred R. McElligott (President), Richard McElligott (Secretary), and William McElligott (Vide President).

- Deep South's managing partners are Charles W. Dupuis (President),[8] Charles Fusilier[9] (Secretary).

- United's corporate address is 114 Cason Road, Broussard, La., and its domicile address listed with the Louisiana Secretary of State is 101 Millstone Road, Broussard, LA.

- Deep South's domicile address listed with the Louisiana Secretary of State is 101 Millstone Road, Broussard, LA.

- Macro Oil's corporate address is 101 Millstone Road, Broussard, LA. wit, while the

In response to United's motion for summary judgment, plaintiff argues only that United, Macro Oil, and Deep South should be considered a single employer for discrimination purposes because there is shared management/ownership of all three companies, and because the companies share corporate offices. In the absence of evidence of control, the foregoing is not sufficient to establish single employer status. Indeed, in *Lusk v. FoxMeyer Health Corp.*, 129 F.3d 773, 777-78 (5th Cir. 1997), the Fifth Circuit noted:

> The doctrine of limited liability creates a strong presumption that a parent corporation is not the employer of its subsidiary's employees. *Only evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary-domination similar to that which justifies piercing the corporate veil-is sufficient to rebut this presumption . . . . and to permit an inference that the parent corporation was a final decision-maker in its subsidiary's employment decisions.*
>
> Common management and ownership are ordinary aspects of a parent-subsidiary relationship. A parent corporation's possession of a controlling interest in its subsidiary entitles the parent to the normal incidents of stock ownership, such as the right to select directors and set general policies, without forfeiting the protection of limited liability. *Thus, courts have recognized that the mere existence of common management and ownership are not sufficient to justify treating a parent corporation*

---

[8] It is unclear to this Court whether the "Charles W. Dupuis" identified as the President of Deep South is the same individual as the "Charles W. Dupree" listed as a managing partner of United.

[9] It is unclear to this Court whether the "Charles Fusilier" identified as the Secretary of Deep South is the same individual as the "Charles Fuselier" listed as a managing partner of United.

> *and its subsidiary as a single employer.* Some nexus to the subsidiary's daily employment decisions must be shown.

(Emphasis added) (internal citations omitted).

The Fifth Circuit has held relevant factors suggesting the existence of interrelated operations between a parent corporation and its subsidiary include evidence the parent: (1) was involved directly in the subsidiary's daily decisions relating to production, distribution, marketing, and advertising; (2) shared employees, services, records, and equipment with the subsidiary; (3) commingled bank accounts, accounts receivable, inventories, and credit lines; (4) maintained the subsidiary's books; (5) issued the subsidiary's paychecks; or (6) prepared and filed the subsidiary's tax returns.

In the case *sub judice*, plaintiff has not submitted any evidence demonstrating either Macro Oil or Deep South was involved directly in United's daily decisions relating to production, distribution, marketing, and advertising; shared employees, services, records, and equipment with United; commingled bank accounts, accounts receivable, inventories, and credit lines with United; maintained United's books; issued United's paychecks; or prepared and filed United's tax returns. Indeed, the evidence presented by United shows United was operated separately and independently from its parent companies, Macro Oil and Deep South. While this Court acknowledges the three defendant corporations share management, ownership, and corporate offices, the foregoing is insufficient to demonstrate the requisite control that is necessary to hold all three liable as a single employer for discrimination and/or harassment purposes. Based on the evidence before the Court, United has presented a prima facie showing that United, Macro Oil and Deep South are not a "single employer" and plaintiff has failed to carry its burden to demonstrate that United, Macro Oil, and Deep South are so interrelated, without observing the ordinary corporate formalities, or that United is so dominated by Macro Oil and/or Deep South, particularly as to its employment decisions

generally and its decision regarding this plaintiff specifically, as to justify considering Macro Oil and Deep South as a single employer with United for purposes of Title VII.

Considering the foregoing,

IT IS ORDERED that United's Motion for Summary Judgment seeking an order declaring that United, Macro Oil, and Deep South are not a single employer under Title VII is GRANTED.

### 2. Are Macro Oil and Deep South "employers" of the plaintiff under Louisiana law?

Louisiana's discrimination law, codified at La. Rev. Stat. §23:301, *et seq.*, defines "employer" as follows:

> "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. "Employer" shall also include an insurer, as defined in R.S. 22:46, with respect to appointment of agents, regardless of the character of the agent's employment. . .

La. Rev. Stat. §23:302(2) (West 2009).

District courts within the Fifth Circuit have held to satisfy the definition of employer under Louisiana's employment discrimination statute, one must: (1) receive services from an employee and, in return, give compensation to that employee; and (2) meet the requisite number of employees prescribed by the statute. *See, e.g., Icaza v. Seelig*, 2009 WL 1393713 (E. D. La. May 15 2009) (J. Berrigan); *Seal v. Gateway Companies*, 2002 WL 10456 (E. D. La. Jan. 3, 2002) (J. Englehardt); *Hornsby v. Enter. Transp. Co.*, 987 F.Supp. 512, 515 (M.D. La.1997) (J. Polozola).[10]

In the instant case, in order for plaintiff to sue Macro Oil and Deep South under a claim of

---

[10] Although not binding on this Court, the Court nevertheless finds the analysis employed by these district courts persuasive.

employment discrimination or harassment, plaintiff must ultimately establish Macro Oil and Deep South received services from plaintiff and, in turn, compensated plaintiff for those services. In its motion for summary judgment, United provides the affidavit of Charles Fusilier, which United alleges "shows that plaintiff worked for United, rendered services only to United, and was paid only by United." This Court's review of the affidavit, however, does not show the affidavit supports United's argument. Indeed, with respect to the plaintiff specifically, the affidavit states only "[t]he decision to terminate Denna Bly was made solely by [United] personnel with no direction or input from Deep South or Macro [Oil]." The affidavit goes on to generally state United makes its own employment decisions, contracts with its own clients, maintains its own bank accounts, and maintains its own tax identification number. However, the affidavit does *not* specifically state Deep South and/or Macro Oil did not receive services from plaintiff, or that Deep South and/or Macro Oil did not give compensation to plaintiff for any services. While United argues as much in its motion, there is nevertheless no evidence before the Court supporting United's broad allegation.[11]

Considering the foregoing, United's motion seeking summary judgment on the issue of whether Deep South and/or Macro Oil are plaintiff's "employers" under Louisiana law is DENIED for the failure of United to carry its burden with respect to this issue.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___12___ day of May 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[11] Indeed, this Court has question as to the ability of *United* to raise arguments that appear to inure to the benefit of Macro Oil and Deep South, which, again, have not filed a motion seeking dismissal of plaintiff's claims against them. However, as the Court concludes United has not met its burden with respect to this argument, this Court need not make, and does not make, a determination on this issue at this time.