RECEIVED
JUN 2 5 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DENNA BLY | CIVIL ACTION NO. 09-0051 |
| VERSUS | JUDGE DOHERTY |
| UNITED FUELS & LUBRICANTS, L.L.C., ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before the Court is the Motion for Summary Judgment [Doc. 55] filed by defendant Deep South Petroleum, Inc. ("Deep South"). Deep South seeks "an order granting its Motion for Summary Judgment and dismissing plaintiff['s] allegations against Deep South Petroleum, Inc. with prejudice." Plaintiff Denna Bly ("plaintiff") opposes the motion [Doc. 57], and Deep South filed a Motion for Leave to File Reply Memorandum [Doc. 58], which is GRANTED herein. For the following reasons, Deep South's motion is GRANTED IN PART and DENIED IN PART.

I. **Factual and Procedural Background**

As set forth in this Court's previous Memorandum Ruling on defendant United Fuel Lubricants, L.L.C.'s motion for summary judgment [Doc. 49], in the instant lawsuit, plaintiff alleges she was the subject of sexual harassment and a hostile work environment from February 15, 2007 to September 20, 2007, while she was employed as a driver by United. Plaintiff sued United and United employees Corey Hulin, Tony Gibson, Albert Sims, and Chad Brady, seeking damages and injunctive relief "pursuant to 42 U.S.C.S. §1988, 42 U.S.C. §2000e et seq., Title VII of the Civil

Rights Act of 1964, 29 C.F.R. §1604.11[1] and under the laws of the State of Louisiana."[2] Plaintiff does not specify what "laws of the State of Louisiana" govern the allegations in her Complaint.

Plaintiff filed an Amended Complaint [Doc. 39] on February 9, 2010, naming Macro Oil and Deep South as additional defendants and asserting United, Macro Oil, and Deep South are all interrelated, with shared ownership, management, control, and physical location for purposes of her harassment claims. In her Amended Complaint, plaintiff alleges United, Macro Oil, and Deep South are liable for the following acts *of negligence*:

> A. Failing to provide a work environment for its employees free of sexual harassment in violation of Title VII of the Civil Rights Act of 1964;
>
> B Failing to protect its workers from continuing harassment in the form of sexually derogatory language, offensive physical touching, pornography and sexually derogatory references to its workers by co-workers and supervisors;
>
> C. Failing to take prompt remedial actions to prevent and correct the sexual harassing behavior and hostile work environment when it knew or should have known of the harassment in question;
>
> D. Failing to implement policy and procedure regarding sexual harassment, and hostile work environment, thereby rendering the written policy ineffective and virtually non-existent.

---

[1] 29 C.F.R. §1604.11(a) states:

> (a) Harassment on the basis of sex is a violation of section 703 of title VII. [FN1] Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.
>
> Footnote 1 of the Regulation states [t]he principles involved ere continue to apply to race, color, religion or national origin.

29 C.F.R. § 1604.11.

[2] The individual defendants were dismissed by this Court on June 9, 2009 [Doc.26].

  E. Failing to exercise proper supervision and control to prevent a sexually hostile working environment in a wholly owned subsidiary of which Defendants, Macro Oil Company, Inc. and Deep South Petroleum, Inc. exercised daily control and supervision.[3]

On March 26, 2010, defendant United moved for summary judgment, seeking dismissal of "plaintiff's allegations" that "United, Macro Oil, and Deep South are interrelated, with shared ownership, management and control." United contended the "amended allegation [adding defendants Macro Oil and Deep South] is an obvious attempt to increase the cap for compensatory and punitive damages found in 42 U.S.C. section 1981 A(b)(3)(A)." United further argued "only [United] employed plaintiff; thus, only [United's] employees may be counted to determine the applicable damages cap under Title VII. . . since plaintiff performed no services for either Deep South or Macro [Oil] and received compensation only from [United], only [United] can be considered [plaintiff's] employer under the Louisiana Employment Discrimination Law."

After consideration of the motion, this Court granted United's motion seeking dismissal of plaintiff's "allegation" that United, Macro Oil, and Deep South are a single employer under Title VII, finding plaintiff failed to carry its burden to demonstrate that United, Macro Oil, and Deep South are so interrelated or that United is so dominated by Macro Oil and/or Deep South, particularly as to its employment decisions generally and its decision regarding this plaintiff specifically, as to justify considering Macro Oil and Deep South as a single employer with United for purposes of Title VII. However, this Court denied United's motion seeking summary judgment on the issue of whether Deep South and/or Macro Oil are plaintiff's "employers" under Louisiana law, finding

---

[3] *See* Plaintiff's Amended Complaint, Doc. 39, ¶28.

United failed to carry its burden on this issue.[4]

Deep South filed the instant motion for summary judgment on May 24, 2010, seeking dismissal of presumably *all* of plaintiff's claims against it on grounds the undisputed facts show plaintiff was not employed by Deep South.

## II. Legal Standard

### A. Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. PROC. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and

---

[4] In its Ruling, this Court noted:

> In order for plaintiff to sue Macro Oil and Deep South under a claim of employment discrimination or harassment, plaintiff must ultimately establish Macro Oil and Deep South received services from plaintiff and, in turn, compensated plaintiff for those services. In its motion for summary judgment, United provides the affidavit of Charles Fusilier, which United alleges "shows that plaintiff worked for United, rendered services only to United, and was paid only by United." This Court's review of the affidavit, however, does not show the affidavit supports United's argument. Indeed, with respect to the plaintiff specifically, the affidavit states only "[t]he decision to terminate Denna Bly was made solely by [United] personnel with no direction or input from Deep South or Macro [Oil]." The affidavit goes on to generally state United makes its own employment decisions, contracts with its own clients, maintains its own bank accounts, and maintains its own tax identification number. However, the affidavit does *not* specifically state Deep South and/or Macro Oil did not receive services from plaintiff, or that Deep South and/or Macro Oil did not give compensation to plaintiff for any services. While United argues as much in its motion, there is nevertheless no evidence before the Court supporting United's broad allegation.

See Memorandum Ruling [Doc. 49].

This Court further questioned the ability of *United* to raise arguments that appear to inure to the benefit of Macro Oil and Deep South, which had not joined in the motion seeking dismissal of plaintiff's claims against them.

that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. PROC. 56(e).

As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

> The plain language of Rule 56(c) <u>mandates</u> the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."
>
> . . . .
>
> . . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming"

> that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

### B. Legal Analysis

This Court begins its legal analysis by noting Deep South contends this Court should dismiss *all* of the plaintiff's claims against it, without addressing what those claims are and under what law the claims are alleged. Furthermore, in spite of the plaintiff's failure in her complaints to delineate the specific Louisiana law she contends was violated by the alleged actions of the defendants, Deep South frames the issue in the instant motion in terms of a claim alleged pursuant to Louisiana's discrimination law, entitled "Louisiana Employment Discrimination Law" and codified at La. Rev. Stat. §23:301, *et seq.* Deep South does not address plaintiff's claims alleged pursuant to Title VII, 42 U.S.C. §1988, or 29 C.F.R. §1604.11, nor does it address the plaintiff's reference to alleged acts of "negligence" contained in plaintiff's original and amended complaints.[5] With the foregoing in mind, this Court turns its attention to Deep South's contentions in its motion.

### 1. Plaintiff's Claims Alleged Under Louisiana Law

In the instant motion, Deep South argues plaintiff does not allege – in either her original or amended complaint – that she was employed by Deep South, that she provided services to Deep South, or that Deep South provided her with compensation. Rather, Deep South contends plaintiff refers to herself as "an employee of United Fuels and Lubricant, L.L.C." Therefore, Deep South contends there is *no basis for recovery against it*, presumably under any applicable law in the case, because Deep South was not plaintiff's "employer" as a matter of law.

To support its allegations, Deep South attaches the affidavit of Charles Fuselier, in which Mr. Fuselier, the secretary of Deep South, states:

---

[5] This Court notes in its prior ruling on United's motion for summary judgment, this Court held United, Macro Oil, and Deep South are not a "single employer" for purposes of Title VII. The Court did not rule that there is no liability on the part of any of the foregoing defendants under Title VII. What, if any effect, this Court's ruling on the issue of single employer status might have on the issue of liability under Title VII has not been addressed by Deep South in its current motion.

1. Deep South is a holding company that has no employees;

2. Deep South has never received any services from plaintiff, either before, during or after her employment with United; and

3. Because Deep South has never received any services from plaintiff, it has never compensated plaintiff in any manner.[6]

As previously indicated, plaintiff does not delineate under which specific provisions of "Louisiana law" her claims are alleged. Rather, she alleges her claims of harassment under, *inter alia*, "the laws of the State of Louisiana." To the extent plaintiff's "Louisiana law" claims are, indeed, couched in terms of the "Louisiana Employment Discrimination Law," codified at La. Rev. Stat. §23:301, *et seq.*, that statute defines "employer" as follows:

> "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state **receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.** "Employer" shall also include an insurer, as defined in R.S. 22:46, with respect to appointment of agents, regardless of the character of the agent's employment. . .

La. Rev. Stat. §23:302(2) (West 2009) (emphasis added).

District courts within the Fifth Circuit have held to satisfy the definition of employer under Louisiana's employment discrimination statute, one must: (1) receive services from an employee and, in return, give compensation to that employee; and (2) meet the requisite number of employees prescribed by the statute. *See, e.g., Icaza v. Seelig*, 2009 WL 1393713 (E. D. La. May 15 2009) (J. Berrigan); *Seal v. Gateway Companies*, 2002 WL 10456 (E. D. La. Jan. 3, 2002) (J. Englehardt);

---

[6] *See* Affidavit of Charles Fuselier, attached as Exhibit to Deep South's motion for summary judgment.

*Hornsby v. Enter. Transp. Co.,* 987 F.Supp. 512, 515 (M.D. La.1997) (J. Polozola).[7]

In response to the affidavit of Mr. Fuselier, plaintiff simply re-urges her argument that United and Deep South are a "single enterprise" for purposes of Title VII.[8] Indeed, plaintiff goes on to re-argue the test for Title VII single employer status and argues certain facts with respect to that test.[9] Plaintiff ends her brief by arguing because these companies are a single employer under Title VII, "the actions and negligence of United .... are attributable to Deep South ....because of the common ownership, management and control and centralized control of labor relations of both companies in the same individuals."

Thus, plaintiff fails to present any factual support sufficient to create a genuine issue of material fact on the issue of whether Deep South was plaintiff's employer. Indeed, plaintiff fails to present any evidence – or even argue – Deep South *was*, in fact, her employer. Rather, plaintiff argues Deep South and United should be considered a single employer for purposes of plaintiff's Title VII claims, a legal conclusion this Court has already rejected based on plaintiff's failure to properly present evidence so establishing.

Considering the foregoing, this Court concludes Deep South is entitled to summary judgment declaring it is not plaintiff's "employer" within the meaning of Louisiana's employment discrimination statute. Because La. Rev. Stat. §23:302(2) goes on to state "[t]he provisions of this Chapter shall apply only to *an employer* who employs twenty or more employees within this state

---

[7] Although not binding on this Court, the Court nevertheless finds the analysis employed by these district courts persuasive.

[8] Plaintiff does not include Macro Oil in this argument.

[9] Plaintiff argues the same facts she argued in her opposition to United's motion for summary judgment, namely that certain executive officers of United are also executive officers of Macro Oil and Deep South, and that the companies share corporate offices to some degree. This Court has already rejected these contentions in the absence of the requisite control the Fifth Circuit requires for a finding of single employer status.

for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," by its express terms, the Louisiana Employment Discrimination Law does not apply to Deep South. As this Court concludes Deep South is not plaintiff's employer, plaintiff's claims alleged against Deep South pursuant to the Louisiana Employment Discrimination Law, La. Rev. Stat. §23:301, *et seq.*, are DISMISSED WITHOUT PREJUDICE.

### 2. Plaintiff's Claims Alleged Under Title VII

In its motion, Deep South does not address plaintiff's claims alleged under Title VII. Perhaps Deep South believes this Court's previous ruling finding Deep South, Macro Oil, and United are not a "single employer" for purposes of Title VII is dispositive of that issue. Without briefing the issue, Deep South seeks dismissal of *all* of plaintiff's claims against it, including, presumably, plaintiff's claims alleged under Title VII.

This Court's own research shows Title VII of the Civil Rights Act of 1964 forbids employment discrimination against any individual based on the individual's race, color, religion, sex or national origin. *Burlington Northern & Santa Fe Railway Co., v White*, 126 S.Ct. 2405, 2408 (2006)(internal quotations omitted). Title VII provides in pertinent part, "It shall be an unlawful employment practice for *an employer*...to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, or national origin... ." 42 U.S.C. § 2000e-2 (emphasis added).

Although not raised by Deep South or addressed by either party, Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." 42 U.S.C.

§2000e(b). The Fifth Circuit has held the term "employer" as used in Title VII of the Civil Rights Act was meant to be liberally construed. *Trevino v. Celanese Corp.*, 701 F.2d 397, 403 (5th Cir. 1983).

This Court finds Deep South is not an "employer" of plaintiff under Title VII for the same reasons it concludes Deep South is not plaintiff's "employer" under the Louisiana Employment Discrimination Law.[10] This Court further notes Mr. Fuselier's statement in his Affidavit that Deep South does not have *any* employees. Because Title VII premises liability upon employment status, this Court concludes there are no genuine issues of fact regarding the lack of employment relationship between plaintiff and Deep South. Therefore, plaintiff's claims alleged Deep South pursuant to Title VII are DISMISSED WITHOUT PREJUDICE.

### 3. Remaining Claims Against Deep South

Plaintiff additionally alleges claims against Deep South under 42 U.S.C. §1988,[11] 29 C.F.R.

---

[10] The court notes this finding is a different finding than the one rendered in the ruling on United's motion for summary judgment, which sought a ruling that United, Macro Oil, and Deep South were not a "single employer" for purposes of Title VII.

[11] 42 U.S.C. 1988(a) states:

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

42 U.S.C. §1988.

§1604.11,[12] and as-yet unidentifiable "laws of the State of Louisiana." Additionally, in her prayer for relief, plaintiff references several "acts of negligence" allegedly committed by the defendants. Thus, to the extent plaintiff is alleging Louisiana state law claims against Deep South that are not claims specifically alleged pursuant to the Louisiana Employment Discrimination Statute, such claims have not been addressed by Deep South and cannot, therefore, be dismissed.

Considering the foregoing, Deep South's motion seeking dismissal of the remaining claims alleged by plaintiff – *i.e.*, those claims alleged pursuant to 42 U.S.C. §1988 and 29 C.F.R. §1604.11, and any additional Louisiana state law claims that are not couched pursuant to the Louisiana Employment Discrimination Law -- is DENIED for failure of Deep South to carry its burden.

Deep South's task in preparing the instant motion was, no doubt, complicated by the failure of plaintiff to properly plead her claims. Indeed, after careful review, this Court concludes the plaintiff's Amended Complaint fails to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Indeed, plaintiff has failed to specifically and properly plead causes of action pursuant to 42 U.S.C. §1988, 29 C.F.R.

---

[12] 29 C.F.R. §1604.11(a) states:

> (a) Harassment on the basis of sex is a violation of section 703 of title VII. [FN1] Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.
>
> Footnote 1 of the Regulation states [t]he principles involved ere continue to apply to race, color, religion or national origin.

29 C.F.R. § 1604.11

§1604.11, and has not even identified, much less properly pled claims pursuant to, "the laws of the State of Louisiana."

Considering the foregoing, IT IS ORDERED that on or before July 9, 2010, counsel for plaintiff shall take whatever action she deems appropriate to address the issues raised by this motion or find herself at risk for dismissal of her remaining claims, if any, should Deep South file a properly plead and supported motion as to whatever, if any, claims might remain as to plaintiff.[13]

THUS DONE AND SIGNED in Lafayette, Louisiana, this 25 day of June 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[13] As the deadlines have passed for amendment of pleadings and for filing dispositive motions, this ruling should not be construed by either party as having dispensed with the threshold showing required by a motion for leave to file.